UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Max Lang,<br><br>    Debtor. | Chapter 11<br>Case No. 09-14810-ALG |
| Cari Bryn Cohen Lang,<br><br>    Plaintiff<br><br>v.<br><br>Max Lang,<br><br>    Defendant. | Adversary Proceeding No. 09- |

## COMPLAINT TO DETERMINE DISCHARGEABILITY

**NOW COMES** Plaintiff, Cari Bryn Cohen Lang ("Ms. Lang"), by and through her attorneys, Neiger LLP, and files this complaint against Max Lang ("Defendant," and together with Ms. Lang, the "Parties"), seeking a determination of non-dischargability under sections 523(a)(5) and (15) of chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 7001, *et seq*., of (i) $385,712.71, plus arrears, in respect of past-due Spousal and Child Support Obligations, as defined below, and (ii) $175,000 in legal fees Ms. Lang incurred as a result of Defendant's failure to comply with court orders relating to these Spousal and Child Support Obligations, plus the additional legal fees Ms. Lang is currently forced to incur as a result of Defendant's bankruptcy filing (the "Legal Fees"). In support of this Complaint, Ms. Lang respectfully alleges as follows:

## PARTIES

1. Ms. Lang is an individual residing at 393 West Broadway, Apt. 2WB, New York, New York 10012.

2. Ms. Lang is the former spouse of the Defendant.

3. Upon information and belief, the Defendant resides at 237 Lafayette Street, Apt. 3E, New York, New York 10012.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §§157 and 1334. Venue of this case and this Complaint in this district is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief sought herein are §§ 105, 523(a)(5) and (a)(15) of the Bankruptcy Code. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

5. Ms. Lang has standing, as Defendant's creditor, to object to the discharge of Defendant's obligations to her pursuant to 11 U.S.C. § 727(c)(1).

## FACTS COMMON TO ALL COUNTS

6. Ms. Lang and Defendant were married on January 27, 1991.

7. During their marriage, Ms. Lang and Defendant had three issue: Zack Rene Lang, born August 19, 1992, Ruby Bert Lang, born April 7, 1995, and Benjamin Hugh Lang, born January 2, 1997 (hereinafter referred to as the "Children," or individually, the "Child").

8. After a period of over a year in which Defendant constructively abandoned Ms. Lang, Ms. Lang and Defendant entered into a Stipulation of Settlement on or about April 20, 2004 (the "Stipulation of Settlement"), attached hereto as Exhibit A, which memorialized the Parties' understanding as to the terms of their separation with regard to such matters as custody and support obligations.

2

9. Pursuant to the Stipulation of Settlement, Defendant was obligated to pay Ms. Lang $10,000 per month in basic spousal support and maintenance. (*See* Stipulation of Settlement, Article G, par. 1, p. 45.) The Stipulation of Settlement specifies that this obligation is subject to a cost of living increase on an annual basis. (*See id.*, Article G, par. 5, pp. 46-47.) Accordingly, Defendant is currently obligated to pay Ms. Lang $12,723.55 per month in basic spousal support and maintenance (the "Spousal Support and Maintenance Obligation"). The Stipulation of Settlement also specifies that Defendant's Spousal Support and Maintenance Obligation will not be affected by Ms. Lang's remarriage; rather, it shall survive until the earlier of (a) Defendant's death, (b) Ms. Lang's death, or (c) December 31, 2021. (*See id.*, Article G, par. 4, p. 46.)

10. Defendant was also obligated to make payments of $20,000 per month in basic child support, pursuant the Stipulation of Settlement. (*See id.*, Article G, par. 3, p. 46.) The Stipulation of Settlement specifies that this basic child support is subject to a cost of living increase on an annual basis. (*See id.*, Article G, par. 5, pp. 46-47.) Accordingly, Defendant is currently obligated to make payments of $25,447 per month in basic child support (the "Basic Child Support Obligation").

11. In addition to Defendant's Basic Child Support Obligation, Defendant is also obligated to pay the Children's summer activities expenses (*see* id., Article G, par. 7, p. 47), one-half of the Children's medical expenses for non-routine conditions or illnesses and extraordinary educational expenses (*see id.*, Article G, par. 10, pp. 48-49), and contribute at least $11,000 towards each Child's college fund per year (*see id.*, Article J, pars. 1-5, pp. 59-61) (collectively, the "Additional Child Support Obligations").

12. In the event that either Defendant or Ms. Lang defaults with respect to their respective obligations, the Stipulation of Settlement provides that the defaulting party

3

>"agrees to indemnify the other against, and to reimburse him or her for, any and all attorney's fees, costs and disbursements resulting from or incurred by the other party in taking action, bringing any suit or legal other proceeding against the Husband or the Wife, as the case may be, to recover any amount required to be paid by the Husband or the Wife to the other party, to enforce any of the terms, covenants or conditions of this agreement to be performed or complied with by the Husband or the Wife or to defend any suit or other proceeding instituted against either the Husband or the Wife by a third party as a result of any breach by the other of his or her obligations under this agreement."
>
>(*Id*., Article N, par. 1, p. 69.)

13. The Stipulation of Settlement was referenced by and incorporated in the Judgment of Divorce dated May 17, 2004 and entered on May 26, 2004 (the "Judgment of Divorce"), attached hereto as <u>Exhibit B</u>.

14. Defendant began defaulting on his obligations in April 2008. In June 2008, Defendant owed $90,346.71 in arrears, causing Ms. Lang to make an application to the Supreme Court for the State of New York, County of New York ("New York Supreme Court"), for a money judgment. In her application, Ms. Lang requested that Defendant post security to ensure payment of his Spousal Support and Maintenance Obligation, Basic Child Support Obligation and Additional Child Support Obligations (collectively, Defendant's "Spousal and Child Support Obligations").

15. At the hearing on Ms. Lang's request for a money judgment before the New York Supreme Court on June 25, 2008, Defendant's counsel admitted that Defendant had no defense to Ms. Lang's motion, and consented to the money judgment. (*See* Decision and Order dated June 25, 2008 (the "June 2008 Decision and Order"), attached hereto as <u>Exhibit C</u>, p. 16, lines 11-22.) The New York Supreme Court granted Ms. Lang's request for a money judgment *(see*

4

*id.*, p. 25, lines 18-20), and ordered Defendant to maintain a security account of $50,000. *(See id.*, p. 26, lines 2-4.)*

16. In order to decrease the amount of his Spousal and Child Support Obligations, Defendant requested a downward modification on June 17, 2008, citing reduced revenue in the three art galleries in which he owns an interest. (*See* Decision and Order dated September 3, 2008 (the "September 2008 Decision and Order"), attached hereto as Exhibit D, p. 2.) The New York Supreme Court referred this matter to a Special Referee (the "Special Referee"). (*See id.*, pp. 5-6.)

17. While the matter was pending before the Special Referee, in January 2009, Defendant stopped maintaining the $50,000 security account mandated by the New York Supreme Court, causing Ms. Lang to make an application for contempt. On February 4, 2009, the New York Supreme Court referred the issue of contempt to the Special Referee. (*See* Order dated February 4, 2009 (the "February 2009 Order"), attached hereto as Exhibit E.)

18. Trial on the issues of downward modification and contempt took place over the course of six days, and on July 27, 2009, the Special Referee issued his Report and Recommendations (the "Report and Recommendations"), attached hereto as Exhibit F. In the Report and Recommendations, the Special Referee found that Defendant had "not established beyond a reasonable probability that he did not anticipate the possibility that his economic circumstance might substantially change for the worse at a subsequent time when he entered into the parties' 2004 agreement." (Report and Recommendations, p. 18.) Further, the Special Referee found, based on the testimony adduced at trial, that "the nature of the defendant's lifestyle including his residence, travel and entertainment expenses are indicative of income and assets far greater than that which has been set forth in the defendant's Net Worth Statement." (*Id.*, pp. 18-19.)

5

19. Finding Defendant's testimony to be "all at once self serving, conclusory and lacking in credibility" (*id*., p. 20), the Special Referee accordingly denied Defendant's request for a downward modification of his Spousal and Child Support Obligations. (*See id.*, pp. 19 and 21.) The Special Referee also found that Defendant was in civil contempt for not posting the $50,000 bond required by the New York Supreme Court. Specifically, the Special Referee observed that since January of 2009, after Defendant ceased to post security as directed by the New York Supreme Court pursuant to the June 2008 Decision and Order, Defendant nonetheless made loan repayments to his brother amounting to $90,000. (*See id.*, p. 22.) These repayments, according to the Special Referee, evidenced Defendant's ability to post the security, as well as his unwillingness to do so. (*See id.*, p. 22.)

20. Finally, the Special Referee found that Ms. Lang was entitled to $175,000 in attorneys' fees she had expended while litigating Defendant's failure to comply with the Stipulation of Settlement. (*See id*., p. 24.)

21. Ms. Lang moved to confirm the Referee's Report and Recommendations in an Order to Show Cause (the "Order to Show Cause") on July 31, 2009. As of that date, Defendant owed $385,712.71 in past-due Spousal and Child Support Obligations.

22. On the very same day, Defendant filed for bankruptcy.

23. The New York Supreme Court subsequently signed the Order to Show Cause as to why the Report and Recommendation should not be entered on August 3, 2009, attached hereto as Exhibit G. The relief proposed in the Order to Show Cause would obligate Defendant to (i) make a payment in the sum of at least $385,712.71 in past-due Spousal and Child Support Obligations, (ii) pay a fine in respect of his failure to post the $50,000 security, (iii) post the

$50,000 security within three days of entry of the Order to Show Cause upon penalty of incarceration, and (iv) reimburse Ms. Lang for her legal expenses.

24. The Order to Show Cause is not yet effective because Ms. Lang was unable to serve it on Defendant, due to his bankruptcy filing.

**COUNT I**
**OBJECTION TO DISCHARGE**
**PURSUANT TO 11 U.S.C §523(a)(5)**

i.  *Defendant's Debts for the Sum of $385,712.71, Plus Additional Arrears Accrued through the Date of Judgment on the Order to Show Cause, Constitute Non-Dischargeable Support*

25. Ms. Lang repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 24, inclusive, with the same force and effect as though each were fully set forth herein at length.

26. The prohibition against discharging debts arising out of a husband's natural and legal duty to support his ex-wife and children is long grounded in statute and case law. In fact, in the sole decision rendered on this subject under the Bankrupt Act of 1867, the District Court for the Southern District of New York held that a claim for alimony, whether accrued before or after the commencement of a bankruptcy case, was not dischargeable. *See Audobon v. Shufeldt*, 181 U.S. 575, 578 (1901) (*citing In re Lachemayer*, Case No. 7,966, 1878 U.S. Dist. LEXIS 200 (Sept. 20, 1878)). The same conclusion was reached by the United States Supreme Court in 1901, when it decided under the Bankruptcy Act of 1867 to reverse a lower court's order discharging a claim for unpaid alimony. *See Audobon*, 181 U.S. 575, 580.

27. In 1903, Congress amended the Bankruptcy Act so as to except explicitly from discharge a debtor's liabilities for alimony, maintenance, and support that were due or to become due. *See In re Spong*, 661 F.2d 6, 8 (2d Cir. 1981) (*citing* Bankruptcy Act of 1903, Ch. 487, 32 Stat. 798).

The prohibition against discharging these debts was also included in the Bankruptcy Reform Act of 1978.  *See id*. (*citing* Pub. L. No. 95-598, 92 Stat. 2549).

28. Most recently, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8 ("BAPCPA"), has made bankruptcy courts very unfriendly places for debtors seeking to shirk their family support obligations.  One major change under BAPCPA was the coinage of the term "domestic support obligations," which refers to support obligations that may not be discharged:  *See* 11 U.S.C. § 523(a)(5) ("A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt … for a domestic support obligation").

29. In relevant part, a "domestic support obligation" is defined as a debt that accrued:

> "before, on, or after the date of the order for relief in a case under this title, including interest … that is owed to or recoverable by … a … former spouse, or child of the debtor … in the nature of alimony, maintenance, or support … established … by reason of applicable provisions of (i) a separation agreement, divorce decree, or property settlement agreement; [or] (ii) an order of a court of record…."

11 U.S.C. § 101(14A).

30. This new term expands the prior description of support obligations in a number of ways, including (i) a broader characterization of who is considered to be a recipient of support payments, (ii) encompassing support obligations that accrued "before, on, or after" the bankruptcy filing, and also including interest that accrues on the debt under state law; and (iii) encompassing support obligations entered in property settlement agreements.

31. In addition to expanding the definition of a traditional support obligation, BAPCPA has also enhanced the priority of "domestic support obligations."  These obligations are now first-

8

priority claims to be paid subject only to the trustee's administrative expenses. *See* 11 U.S.C. §§ 507(a)(1)(A), (B) and (C).

32. The expanded family support obligations codified by BAPCPA bolster the Bankruptcy Code's long-standing policy of protecting a debtor's former spouse and children by enforcing familial obligations over the debtor's privilege of being afforded a discharge on his debts. *See, e.g., Falk & Siemer v. Maddigan (In re Maddigan)*, 312 F.3d 589, 596 (2d Cir. 2002) (stating that support obligations override the general goal of giving debtors a fresh start); *Forsdick v. Turgeon*, 812 F.2d 801, 802 (2d Cir. 1987) ("By virtue of § 523(a)(5), congress has chosen between two competing interests -- those of bankrupts and those of their former spouses and offspring -- and it chose in favor of the latter.").

33. In this case, Defendants debts to Ms. Lang in respect of his Spousal and Child Support Obligations fall under the definition of "domestic support obligations," and accordingly, may not be discharged. These debts, amounting to $385,712.71 (plus additional arrears accrued through the date of judgment on the Order to Show Cause), arose as a result of Defendant's obligations established by the Stipulation of Settlement, dated April 20, 2004, attached hereto as <u>Exhibit A</u>.

34. Defendant's debts to Ms. Lang in respect of his Spousal and Child Support Obligations for the sum of $385,712.71, plus additional arrears accrued through the date of judgment on the Order to Show Cause, also arose by virtue of the Judgment of Divorce dated May 17, 2004 and entered on May 26, 2004, attached hereto as <u>Exhibit B</u>.

35. Defendant's debts to Ms. Lang in respect of his Spousal and Child Support Obligations for the sum of $385,712.71, plus additional arrears accrued through the date of judgment on the Order to Show Cause, also arose by virtue of the New York Supreme Court's June 2008 Decision and Order, dated June 25, 2008, attached hereto as <u>Exhibit C</u>.

36. Defendant's debts to Ms. Lang in respect of his Spousal and Child Support Obligations for the sum of $385,712.71, plus additional arrears accrued through the date of judgment on the Order to Show Cause, also arose by virtue of the Special Referee's Report and Recommendations dated July 27, 2009, attached hereto as <u>Exhibit F</u>.

### ii. *Defendant's Debts for Ms. Lang's Legal Fees Constitute Non-Dischargeable Support*

37. Ms. Lang repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 36, inclusive, with the same force and effect as though each were fully set forth herein at length.

38. Defendant's debts to Ms. Lang in respect of her Legal Fees are also non-dischargeable under 11 U.S.C. 523(a)(5). In particular, those Legal Fees comprise (i) $175,000 in fees Ms. Lang incurred as a result of Defendant's failure to comply with court orders relating to these Spousal and Child Support Obligations; and (ii) the additional fees that Ms. Lang is currently forced to incur as a result of Defendant's bankruptcy filing.

39. It is well-settled that attorneys' fees awarded to a former spouse in connection with a divorce, custody or enforcement proceeding constitutes an obligation "in the nature of alimony, maintenance or support," and is therefore not dischargeable in bankruptcy. *See In re Spong*, 661 F.2d 6, 9-11 (finding that "[a]n award of attorney's fees may be essential to a spouse's ability to sue or defend a matrimonial action and thus a necessary under the law," and consequently refusing to discharge such fees); *Bieluch v. Cook (In re Bieluch)*, 216 F.3d 1071 (2d Cir. 2000) (affirming decision finding that the payment of ex-wife's legal bills was not dischargeable); *In re Peters*, 964 F.2d 166 (2d Cir. 1992) (per curiam) (affirming district court's judgment which held that attorneys' fees were in the nature of support, and thus constituted non-dischargeable debts within the meaning of 11 U.S.C. § 523(a)(5)); *Gilman v. Golio (In re Golio)*, 393 B.R. 56, 63

10

(Bankr. E.D.N.Y. 2008) (holding under BAPCPA version of 11 U.S.C. § 523(a)(5) that "to except such attorneys' fees and costs from discharge in light of the Defendant's wilful failure to comply with the state court judgments and orders is consistent with the legislative purpose of 11 U.S.C. §§ 523(a)(5) and (a)(15)").

40. Accordingly, Defendant's debts to Ms. Lang in respect of her Legal Fees are not dischargeable pursuant to 11 U.S.C. § 523(a)(5). These debts arose as a result of Defendant's obligations established by the Stipulation of Settlement, dated April 20, 2004, attached hereto as Exhibit A.

41. Defendant's debts to Ms. Lang in respect of her Legal Fees also arose by virtue of the Judgment of Divorce dated May 17, 2004 and entered on May 26, 2004, attached hereto as Exhibit B.

42. Defendant's debts to Ms. Lang in respect of her Legal Fees also arose by virtue of the New York Supreme Court's June 2008 Decision and Order dated June 25, 2008, attached hereto as Exhibit C.

43. Defendant's debts to Ms. Lang in respect of her Legal Fees also arose by virtue of the Special Referee's Report and Recommendations dated July 27, 2009, attached hereto as Exhibit F.

44. Finally, Defendant's debts to Ms. Lang in respect of her Legal Fees arose by virtue of Defendant's bankruptcy filing on July 31, 2009.

## COUNT II
### OBJECTION TO DISCHARGE
### PURSUANT TO 11 U.S.C §523(a)(15)

45. Ms. Lang repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 44, inclusive, with the same force and effect as though each were fully set forth herein at length.

46. A debt owed to a former spouse incurred by the debtor "in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record" is not dischargeable pursuant to 11 U.S.C. § 523(a)(15) even if said debt is not a domestic support obligation as described in 11 U.S.C. § 523(a)(5). *See* 11 U.S.C. § 523(a)(15).

47. Prior to BAPCPA, 11 U.S.C. § 523(a)(15) provided a debtor with statutory defenses to a former spouse's objection to the discharge of non-support type obligations. These defenses required the debtor to demonstrate (i) that it did not have the ability to pay a debt relating to such obligation, or (ii) that discharging such debt would result in a benefit to the debtor that would outweigh the detrimental consequences to the former spouse or child of the debtor. As a result of BAPCPA, a property settlement obligation incurred pursuant to a divorce is unqualifiedly also nondischargeable under 11 U.S.C. § 523(a)(15). *See In re Golio*, 393 B.R. at 61.

48. A bankruptcy court therefore does not need to make a finding of whether the debts constitute domestic support obligations under 11 U.S.C. § 523(a)(5) or other types of obligations under 11 U.S.C. § 523(a)(15) if the plaintiff can demonstrate that the debts are non-dischargeable in any event under 11 U.S.C. § 523(a)(15). *See id.*, at 62. To do this, the plaintiff must demonstrate that the debt (i) is owed to or recoverable by "a spouse, former spouse, or child of the debtor" and (2) "is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record." 11 U.S.C. § 523(a)(15).

12

49. Certainly, Defendant's debts to Ms. Lang in respect of his Spousal and Child Support Obligations, as well as Ms. Lang's Legal Fees, are owed to a former spouse, and were "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record."

50. Specifically, Defendant's debts in respect of his Spousal and Child Support Obligations, as well as Ms. Lang's Legal Fees, arose as a result of Defendant's obligations established by the Stipulation of Settlement, dated April 20, 2004, attached hereto as Exhibit A.

51. Defendant's debts to Ms. Lang in respect of his Spousal and Child Support Obligations for the sum of $385,712.71, plus additional arrears accrued through the date of judgment on the Order to Show Cause, as well as Ms. Lang's Legal Fees, also arose by virtue of the Judgment of Divorce dated May 17, 2004 and entered on May 26, 2004, attached hereto as Exhibit B.

52. Defendant's debts to Ms. Lang in respect of his Spousal and Child Support Obligations for the sum of $385,712.71, plus additional arrears accrued through the date of judgment on the Order to Show Cause, as well as Ms. Lang's Legal Fees, also arose by virtue of the New York Supreme Court's June 2008 Decision and Order, dated June 25, 2008, attached hereto as Exhibit C.

53. Defendant's debts to Ms. Lang in respect of his Spousal and Child Support Obligations for the sum of $385,712.71, plus additional arrears accrued through the date of judgment on the Order to Show Cause, as well as Ms. Lang's Legal Fees, also arose by virtue of the Special Referee's Report and Recommendations dated July 27, 2009, attached hereto as Exhibit F.

54. Finally, Defendant's debts to Ms. Lang in respect of Ms. Lang's Legal Fees also arose by virtue of Defendant's bankruptcy filing on July 31, 2009.

55. As a result of the foregoing, Defendant's debts to Ms. Lang in respect of his Spousal and Child Support Obligations, for the sum of $385,712.71, plus additional arrears accrued through the date of judgment on the Order to Show Cause, as well as Ms. Lang's Legal Fees, are not dischargeable pursuant to 11 U.S.C. § 523(a)(15).

## RESERVATION OF RIGHTS

56. Although Ms. Lang has attempted to include all applicable claims and causes of action against Defendant in this Complaint, Ms. Lang believes that additional information against Defendant may come to light.  Ms. Lang hereby notifies Defendant of her intention to amend the Complaint to include additional claims and causes of action, and that she reserves any and all rights to bring additional claims and causes of action as provided for by the Court and/or applicable law.

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. Lang respectfully requests that this Court enter judgment as follows:

1. Denying Defendant's discharge as to the debts he owes in respect of his Spousal and Child Support Obligations and Ms. Lang's Legal Fees; and

2. Granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 7, 2009

                NEIGER LLP,
                Counsel to Cari Bryn Cohen Lang


                By: /s/ Edward E. Neiger
                Edward E. Neiger, Esq. (EN 1002)
                Dina Gielchinsky (DG 6054)
                111 John St., Suite 800
                New York, New York 10038
                Tel.: (212) 267-7342
                Fax.: (212) 406-3677