SILLER WILK LLP
675 Third Avenue
New York, New York 10017
(212) 421-2233
Eric J. Snyder, Esq. (ES 8032)
Proposed Counsel for the Debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

MAX LANG,

       Debtor.
---------------------------------------------------------x
CARI BRYN COHEN LANG,

       Plaintiff,

MAX LANG,

       Defendant.
---------------------------------------------------------X

       Chapter 11

       Case No: 09-14810(ALG)

       Adv. Pro. No. 09-01422

## **ANSWER**

  The defendant, Max Lang, the debtor herein, by his attorneys, Siller Wilk, LLP, as and for his Answer to the Complaint of the plaintiff, Cari Bryn Cohen Lang, dated August 7, 2009, respectfully allege the following, upon their present knowledge, information and belief:

  1.  Admits the allegations in Paragraph 1 of the Complaint.

  2.  Admits the allegations in Paragraph 2 of the Complaint.

  3.  Admits the allegations in Paragraph 3 of the Complaint.

  4.  Admits the allegations in Paragraph 4 of the Complaint.

  5.  Admits the allegations in Paragraph 5 of the Complaint.

  6.  Admits the allegations in Paragraph 6 of the Complaint.

357338v1

7. Admits the allegations in Paragraph 7 of the Complaint.

8. Admits that the defendant and the plaintiff entered into a Stipulation of Settlement on or about April 20, 2004, and refers the Court to the documents filed in connection with the divorce between the plaintiff and the defendant for the terms and meanings contained therein.

9. Neither admits nor denies the allegations contained in Paragraph 9 and refers the Court to the documents referenced in Paragraph 9 for the terms and meaning contained therein.

10. Neither admits nor denies the allegations contained in Paragraph 10 and refers the Court to the documents referenced in Paragraph 10 for the terms and meaning contained therein.

11. Neither admits nor denies the allegations contained in Paragraph 11 and refers the Court to the documents referenced in Paragraph 11 for the terms and meaning contained therein.

12. Neither admits nor denies the allegations contained in Paragraph 12 and refers the Court to the documents referenced in Paragraph 12 for the terms and meaning contained therein.

13. Admits the allegations in Paragraph 13 of the Complaint.

14. Denies the allegations in Paragraph 14 of the Complaint.

15. Neither admits or denies the allegations in Paragraph 15 of the Complaint and refers the Court to the transcript of the June 25, 2008 hearing.

16. Neither admits nor denies the allegations in Paragraph 16 of the Complaint and refers the Court to the documents referenced in Paragraph 16 for the terms and meaning contained therein.

17. Neither admits nor denies the allegations in Paragraph 17 of the Complaint and refers the Court to the documents referenced in Paragraph 17 for the terms and meaning contained therein.

18. Admits that the Referee issued the Reports and Recommendations on July 27,

2009 and neither admits nor denies the remaining allegations contained in Paragraph 18 and refers the Court to the documents referenced in Paragraph 18 for the terms and meaning contained therein.

19. Admits that the Referee issued the Reports and Recommendations on July 27, 2009 and neither admits nor denies the remaining allegations contained in Paragraph 19 and refer the Court to the documents referenced in Paragraph 19 for the terms and meaning contained therein.

20. Neither admits nor denies the allegations in Paragraph 20 of the Complaint and refers the Court to the documents referenced in Paragraph 20 for the terms and meaning contained therein.

21. Admits that the plaintiff moved to confirm the Referee's Report and Recommendations on July 31, 2009 and denies, as of that date, the defendant owed the plaintiff $385,712.71.

22. Admits the allegations in Paragraph 22 of the Complaint.

23. Admits that the New York Supreme Court signed an order to Show Cause on August 3, 2009 and neither admits nor denies the remaining allegations contained in Paragraph 23 and refers the Court to the documents referenced in Paragraph 23 for the terms and meaning contained therein.

24. Paragraph 24 states legal conclusions as to which no response is required.

25. With regard to the allegations contained in Paragraph 25 of the Complaint, defendant repeats and realleges each of its answers set forth in Paragraphs 1 through 24 above as if fully set forth herein.

26. Paragraph 26 states legal conclusions as to which no response is required.

3

357338v1

27. Paragraph 27 states legal conclusions as to which no response is required.

28. Paragraph 28 states legal conclusions as to which no response is required.

29. Paragraph 29 states legal conclusions as to which no response is required.

30. Paragraph 30 states legal conclusions as to which no response is required.

31. Paragraph 31 states legal conclusions as to which no response is required.

32. Paragraph 32 states legal conclusions as to which no response is required.

33. Denies the allegations in Paragraph 33 of the Complaint.

34. Denies the allegations in Paragraph 34 of the Complaint.

35. Denies the allegations in Paragraph 35 of the Complaint.

36. Denies the allegations in Paragraph 36 of the Complaint.

37. With regard to the allegations contained in Paragraph 37 of the Complaint, defendant repeats and realleges each of its answers set forth in Paragraphs 1 through 36 above as if fully set forth herein.

38. Denies the allegations in Paragraph 38 of the Complaint.

39. Denies the allegations in Paragraph 39 of the Complaint.

40. Denies the allegations in Paragraph 40 of the Complaint.

41. Denies the allegations in Paragraph 41 of the Complaint.

42. Denies the allegations in Paragraph 42 of the Complaint.

43. Denies the allegations in Paragraph 43 of the Complaint.

44. Denies the allegations in Paragraph 44 of the Complaint.

45. With regard to the allegations contained in Paragraph 45 of the Complaint, defendants repeats and realleges each of its answers set forth in Paragraphs 1 through 44 above as if fully set forth herein.

357338v1

46. Paragraph 46 states legal conclusions as to which no response is required.

47. Paragraph 47 states legal conclusions as to which no response is required.

48. Paragraph 48 states legal conclusions as to which no response is required.

49. Denies the allegations in Paragraph 49 of the Complaint.

50. Denies the allegations in Paragraph 50 of the Complaint.

51. Denies the allegations in Paragraph 51 of the Complaint.

52. Denies the allegations in Paragraph 52 of the Complaint.

53. Denies the allegations in Paragraph 53 of the Complaint.

54. Denies the allegations in Paragraph 54 of the Complaint.

55. Paragraph 55 states legal conclusions as to which no response is required.

## FIRST AFFIRMATIVE DEFENSE

56. The Complaint fails to state a cause of action.

## SECOND AFFIRMATIVE DEFENSE

57. Plaintiff's claims against the defendant for Domestic Support Obligations, as that term is defined under the Bankruptcy Code, have not been fixed and are the subject of current litigation between the plaintiff and defendant.

357338v1

WHEREFORE, the defendant demands judgment against plaintiff as follows:

1. judgment dismissing plaintiff's Complaint with prejudice;

2. granting defendant the costs and disbursements of this action; and

3. any other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
September 11, 2009

        SILLER WILK LLP

        By: /s/ Eric J. Snyder
           Eric J. Snyder, Esq. (ES-8032)
        675 Third Avenue
        New York, NY  10017
        (212) 421-2233

        *Attorneys for Defendant*

To:

Edward E. Neiger, Esq.
Neiger LLP
111 John Street
New York, New York 10038

357338v1